IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JOHNNY KEVIN PACE, as Legal Guardian and Conservator of JOAN PACE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO.<br>)<br>) |
| WAL-MART STORES EAST, LP (DELAWARE) d/b/a WAL-MART, | )<br>)<br>) |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES**

COMES NOW, JOHNNY KEVIN PACE, as Legal Guardian and Conservator of JOAN PACE, Plaintiff herein ("Plaintiff"), and files this, her Complaint against WAL-MART STORES EAST, LP (DELAWARE), d/b/a WAL-MART, Defendants herein (collectively, "Defendants"), and respectfully shows as follows:

1.

Plaintiff is a resident of Georgia.

2.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership, duly authorized to transact business in the State of Georgia. Defendant Wal-Mart Stores East, LP (Delaware) has an office and transacts business in the City of Dublin, Laurens County, Georgia.

3.

Service of process on Defendant Wal-Mart Stores East, LP (Delaware) may be perfected

by serving its registered agent, The Corporation Company (FL), 106 Colony Park Drive Ste. 800-B, Cumming, Forsyth County, Georgia 30040.

4.

This Court has jurisdiction over this matter and the parties.

5.

Venue for this action is properly laid in the Federal Court for the Southern District of Georgia.

6.

Defendant has injured and damaged Plaintiff in an amount to be determined by the enlightened conscience of an impartial jury.

7.

At all times mentioned herein, Defendant owned, operated, controlled and managed the Wal-Mart Supercenter store located at 2423 U.S. 80 W, Dublin, GA 31021.

10.

On or about September 16, 2020, Plaintiff was a customer of the subject Wal-Mart store during business hours. Defendant Wal-Mart provided a wheelchair shopping cart for use by Ms. Pace.

11.

The subject wheelchair shopping cart was defective.

12.

Defendant knew or should have known about the dangerous condition of wheelchair shopping cart.

13.

Defendant had notice of the dangerous condition of the wheelchair shopping cart before it caused injury to Plaintiff.

14.

Defendant did not warn its patrons of the dangerous condition of the wheelchair shopping cart.

15.

The dangerous condition of Defendant's wheelchair shopping cart was not readily apparent to the average person.

16.

Defendant's employees had knowledge of the defective wheelchair shopping cart.

17.

One of Defendant's employees negligently attempted to assist Ms. Pace with the defective wheelchair shopping cart.

18.

Due to the negligence of the Defendant, Ms. Pace was severely injured when attempting to get out of the wheelchair shopping cart.

19.

Defendants were negligent in, but not limited to, the following particulars:

    a) In providing the defective wheelchair shopping cart to Ms. Pace;

    b) In failing to warn Ms. Pace of the defects of the wheelchair shopping cart;

    c) In failing to properly inspect and maintain the wheelchair shopping cart;

    d) In failing to properly train and supervise their employees in regard to the maintenance of the wheelchair shopping cart and proper assistance to customers such as Ms. Pace;

    e) In negligently retaining, entrusting, hiring, training and supervising said

employees; and

    f)    Defendants were otherwise negligent.

20.

As a result of Defendants' negligence, Plaintiff suffered serious and permanent personal injuries to her body.

21.

As a result of the Defendants' negligence, Plaintiff has suffered excruciating pain, she still suffers pain, and she will always thus suffer from her injuries.

22.

As a further result of Defendants' negligence, Plaintiff has incurred medical expenses for the treatment of her injuries which she is entitled to recover from Defendants.

23.

As a result of the aforementioned injuries that were caused by the negligence of Defendants, Plaintiff has suffered general damages as a result of her past, present, and future pain and suffering, in an amount to be determined at the time of trial.

24.

All damages suffered by Plaintiff are the direct and proximate result of the negligence of Defendants.

25.

Although Defendants knew, or in the exercise of reasonable diligence should have known, of the risks of injuries to invitees from the said hazardous condition of the wheelchair shopping cart, Defendants negligently failed to take reasonable precautions to guard against the dangerous condition and failed to protect its invitees, including Plaintiff, therefrom.

26.

Defendants negligently maintained the premises and at all times herein mentioned, failed and neglected to correct, mark, remove or repair the premises or to guard against injuries to invitees or social guests, including the Plaintiff, although said condition had existed for such a length of time that Defendants, their agents, officers, servants, or employees knew or should have known thereof and the likelihood of injury to persons at said location.

27.

Plaintiff had no knowledge of the dangerous condition existing upon the premises and she exercised ordinary care and diligence for her own safety under the circumstances then existing.

28.

Plaintiff is entitled to recover for the injuries and pain and suffering sustained, and all other elements of damages allowed under Georgia law, including but not limited to all compensatory, general, special, incidental, consequential, punitive and/or other damages permitted.  Plaintiff states her intention to seek all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia Law, including, but not limited to:

a) Personal injuries;

b) Past, present and future pain and suffering;

c) Disability;

d) Disfigurement;

e) Mental anguish;

f) Loss of the capacity for the enjoyment of life;

g) Impaired ability to labor;

h) Incidental expenses;

i) Loss of earning capacity;

j) Loss of income or earnings;

k) Past, present and future medical expenses;

l) Permanent injuries; and

m) Consequential damages to be proven at trial.

29.

Plaintiff is entitled to an award of punitive damages because the actions of Defendants and their agents and employees showed an entire want of care, which would raise the presumption of conscious indifference to consequences.

30.

Plaintiff is entitled to and does request attorney's fees and the expenses of litigation in that the actions on the part of the Defendants as herein-described show that the Defendants have acted in bad faith in the transactions and dealings surrounding the herein-described incident and the Defendants, and their agents, have been stubbornly litigious and have caused Plaintiff unnecessary expense so as to entitle Plaintiff to the expenses of litigation and attorney's fees as defined by O.C.G.A. § 13-6-11.

31.

That each of the forgoing acts and omissions constitute an independent act of negligence on the part of the Defendants, and one or more or all of said herein above stated acts were the proximate causes of the injuries and damages sustained by the Plaintiff.

WHEREFORE, Plaintiff prays for the following:

1) that Plaintiff be awarded verdict and judgment against the Defendants for actual damages in amounts to be shown at trial;

2) that Plaintiff be awarded all general, special, compensatory, economic, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from the Defendants and as permitted under Georgia law;

3) that Plaintiff be awarded attorney's fees and cost of litigation in an amount which will be proven through the evidence at the time of trial; and

5) that Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

**THE KING FIRM**

*/s/ J. L. King, II*
J. L. King, II
Georgia Bar No. 142285
Attorney for Plaintiff

1603 N. U.S. Hwy 41
P.O. Box 746
Tifton, GA 31793
(229) 386-1376
(229) 386-1377(f)
JL@KingTrialLaw.com